1  David W. Affeld, Cal. Bar No. 123922
    dwa@agzlaw.com
2  Damion D. D. Robinson, SBN 262573
    dr@agzlaw.com
3  AFFELD GRIVAKES LLP
  2049 Century Park East, Suite 2460
4  Los Angeles, California 90067
  Tel. (310) 979-8700
5  Fax (310) 979-8701

6  *Attorneys for Plaintiff Sergio Giancaspro*
  *and all others similarly situated*
7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10 **WESTERN DIVISION**

| | |
|---|---|
| 11 SERGIO GIANCASPRO, individually and on behalf of all others similarly situated, | **Case No.** |
| 12           Plaintiff, | **CLASS AND COLLECTIVE ACTION** |
| 13         vs. | **COMPLAINT FOR DAMAGES:** |
| 14 NETWORK TRAVEL EXPERIENCES, INC., a Delaware corporation; | **1. VIOLATION OF THE WARN ACT** |
| 15 STREETTEAM SOFTWARE, LLC, a Delaware corporation; and DOES 1 through 20, inclusive, | **2. VIOLATION OF THE CAL-WARN ACT** |
| 16           Defendants. | **3. FAILURE TO PAY EARNED WAGES;** |
| 17 | **4. FAILURE TO REIMBURSE** |
| 18 | **5. FAILURE TO PAY WAGES DUE ON TERMINATION** |
| 19 | **6. VIOLATION OF THE FAIR LABOR STANDARDS ACT;** |
| 20 | **7. UNFAIR BUSINESS PRACTICES;** |
| 21 | **DEMAND FOR JURY TRIAL** |

26      Plaintiff Sergio Giancaspro ("**Giancaspro**" or "**Plaintiff**"), on behalf of himself

27 and all others similarly situated, alleges for his Complaint against Defendants

28 Network Travel Experiences, Inc., a Delaware corporation ("**NTE**"); StreetTeam

1  Software, LLC, a Delaware corporation ("**StreetTeam**"); and DOES 1 through 20,

2  inclusive (collectively with NTE and StreetTeam, "**Defendants**") as follows:

3

4  **NATURE OF THE ACTION**

5      1.      NTE and StreetTeam are U.S. subsidiaries of international music and

6  travel startup Pollen. The London-based startup, founded by two mega-wealthy

7  brothers, throws large and lavish music festivals around the world. It touts itself as a

8  "pair[ing] world-class entertainment with exciting destinations," and offers employees

9  a chance to "live a bigger life." Pollen proclaims that it is "backed by prominent

10  investors and has raised over $200 million in VC funding."

11      2.      The party ended in August 2022. Pollen's executives severely

12  mismanaged the hundreds of millions with which they were entrusted. Shortly after

13  completing a massive funding round, Pollen cancelled a series of widely-publicized

14  festivals. It announced in mid-August that it was entering administration, the U.K.

15  equivalent of bankruptcy.

16      3.      This left Pollen's U.S. subsidiaries and their employees adrift. After a

17  series of late payroll payments, the subsidiaries stopped paying employees altogether

18  as of July 1, 2022. They then laid off all employees—without notice or warning—on

19  August 10, 2022, effective immediately.  Employees were left with millions of dollars

20  in unpaid wages and expense reimbursements.

21      4.      Giancaspro brings this action on behalf of himself and similarly situated

22  former employees for failure to pay earned wages and reimburse expenses, and for

23  failure to provide mandatory advanced notice of the layoffs under federal and state

24  labor laws.

25

26  **PARTIES**

27      5.      Giancaspro is a lawful permanent resident of the United States and a

28  resident of Los Angeles, California.

COMPLAINT

6.     NTE is a Delaware corporation with its principal place of business in Henderson, Nevada.

7.     StreetTeam is a Delaware limited liability company with its principal place of business in Henderson, Nevada.

8.     On information and belief, StreetTeam and NTE operate as a common enterprise.  Plaintiff is informed and believes that both operate from shared offices and share officers and managers, and that both merely serve as constituent parts of a single business under the complete control of Pollen, managing the U.S. operations of Pollen.  Both NTE and StreetTeam are U.S. subsidiaries of Pollen, which is formally known as StreetTeam Software Limited, a U.K. limited company.

9.     Due to the corporate structure and lack of transparency of Defendants and their various affiliates and operations, Plaintiff is currently unaware of the names or capacities of Defendants Does 1 through 20, inclusive. Plaintiff is informed and believes that each of them is in some manner legally responsible for the acts, omissions, and damages alleged herein. On information and belief, certain of the Doe defendants maintained control over Plaintiff's and other employees' wages, hours, and working conditions, and are, thus employers and "joint employers" with the named Defendants under federal and state law.  On information and belief, certain of the Does and named Defendants operated as a joint enterprise, sharing interlocking offices, officers, directors, managers, operating under common control, and serving as parts of a single business unit and concerted operation.  Plaintiff is further informed and believes that certain of the Doe defendants operated as principals, agents, or alter egos of the other Defendants, failed to observe corporate formalities, commingled funds, were undercapitalized, and diverted funds with knowledge of Defendants impending insolvency. It would sanction a fraud or injustice to recognize the corporate separateness of these Defendants.

COMPLAINT

1

## JURISDICTION AND VENUE

2    10.    This Court has federal question jurisdiction under 28 U.S.C. § 1338(a)

3 because this action arises, in part, under federal statute including the WARN Act, 29

4 U.S.C. § 2102, and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("**FLSA**")

5    11.    The Court has supplemental jurisdiction over Plaintiff's state-law claims

6 under 28 U.S.C. § 1367.

7    12.    Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the

8 events giving rise to this case occurred in the Central District of California.  Plaintiff

9 was employed at all times in this District, his wages and benefits were due in this

10 District, and he was required to receive layoff notices in this District.

11

12

## FACTS COMMON TO ALL CAUSES OF ACTION

13    13.    Giancaspro and hundreds of other full-time employees worked for NTE

14 and StreetTeam in California and elsewhere in the United States.

15    14.    Beginning in or about early 2022, and despite raising abundant investor

16 capital, Pollen and its U.S. subsidiaries began facing financial difficulties.  They

17 repeatedly missed payroll to their U.S. workforce, blaming their payroll processor and

18 "human error."  Employees' pay and reimbursements were persistently late.

19    15.    In April and May 2022, NTE began laying off employees without

20 advanced notice or plausible explanation. Giancaspro is informed and believes that

21 they laid off approximately 200 employees during this period.

22    16.    Once again, NTE missed payroll due on June 30, 2022. When questioned

23 about this missed payment and the company's financial stability, Pollen's co-founder

24 and CEO represented on July 1 that the delay was due to Pollen "closing a transaction

25 with a large, well-known entertainment company," and was "an isolated, one-off

26 event."  When questioned about whether Pollen could meet payroll going forward, he

27 responded:  "Yes, absolutely we can."

28    17.    These representations were false.  On July 16, 2022, NTE made a

- 4 -

1 payment to employees via wire transfer rather than their ordinary payroll method,

2 reflecting the pay period up to June 30.  Thereafter, NTE stopped paying Plaintiff and

3 other employees altogether, despite their continuing to work.

4       18.    It has since acknowledged that many employees are due wages "in

5 arrears," reflecting the period of June 30 through August 10. NTE has also failed to

6 reimburse its employees for their business-related expenses.

7       19.    On August 10, 2022, NTE notified its hundreds of employees, including

8 Plaintiff, that they were terminated, effective immediately.  It did not give them 60

9 days' notice as required by the Worker Adjustment and Retraining Notification Act,

10 29 U.S.C. § 2101, *et seq.* (the "**WARN Act**") or the California counterpart, California

11 Labor Code § 1400, *et seq.* (the "**Cal-WARN Act**").  Nor did it pay them their final

12 wages due on termination, inclusive of vacation and other compensable time.

13

14              **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

15 *Class Allegations*

16     20.    Plaintiffs seek to represent the following classes:

17         **Main Class**:  All persons in the United States who were laid off by

18         Defendants between April and August 2022.

19         **California Layoff Subclass:**  All members of the Main Class who were

20         employed by Defendants in California.

21         **California Wage Subclass**:  All California employees in the Main Class

22         who were employed on or after June 30, 2022.

23         **California Reimbursement Subclass**.  All California employees in the

24         Main Class who incurred reasonable and necessary expenses related to

25         their employment with Defendants, which remained unpaid at the time of

26         termination.

27 The California Layoff Subclass, California Wage Subclass, and California

28 Reimbursement Subclass are referred to as the "**California Subclasses**." Plaintiff

COMPLAINT

1 reserves his right to modify these class definitions as information is developed during

2 discovery.

3      21.    The stated classes are each estimated to include well over 200 members,

4 meaning that it is so numerous that joinder of the all members is impracticable.

5      22.    Plaintiff will fairly and adequately protect the interests of the putative

6 classes.  He has retained experienced counsel competent in the fields of employment

7 law and class/representative litigation.  Plaintiff has no interest that is contrary to the

8 interests of the classes.

9      23.    A class action is the superior method of adjudicating this dispute in a fair

10 and efficient manner.  Each of the members of the class and subclasses suffered the

11 same injury by virtue of the same conduct on the part of Defendants.  Due to the

12 relatively small damages suffered by each class member, the burden of individual

13 litigation would make it impossible or unreasonably difficult to individually seek

14 redress.

15      24.    Common questions of law and fact predominate because Defendants

16 have acted in an identical manner with regard to each class member.  Among other

17 common questions of fact and law are:

18           a.    Whether Defendants acted as a common enterprise, alter egos, or

19 joint employers with one another;

20           b.    Whether Defendants timely paid the earned wages of class

21 members throughout 2022;

22           c.    Whether Defendants failed to pay earned wages of class members

23 after June 30, 2022;

24           d.    Whether Defendants failed to reimburse class members for their

25 reasonable and necessary business expenses incurred or submitted after June 30, 2022;

26           e.    Whether Defendants gave appropriate WARN Act notices before

27 laying off class members and whether they had any legal excuse or justification for

28 failing to do so;

- 6 -

f.      Whether Defendants gave Cal-WARN Act notices to California class members and whether they had any legal excuse or justification for failing to do so;

g.      Whether Defendants failed to pay laid off employees their final wages (inclusive of vacation and other compensable time) upon termination;

h.      Whether Defendants' failure to pay final wages was "willful" within the meaning of California Labor Code § 203, entitling class members to "waiting time" penalties;

25.      Plaintiff is unaware of any reason why a class action would not be manageable.

***FLSA Collective Action***

26.      Plaintiff seeks to pursue claims under the FLSA as a collective action on behalf of all persons who were employees of Defendants during 2022 and who were not timely paid minimum wage and/or overtime by virtue of Defendants' failure to timely pay wages (the "**Collective Action Members**").

27.      There are numerous, similarly situated, former employees of Defendants throughout the country who were not paid required minimum wage or overtime (or anything) by Defendants due to Defendants' failure to timely pay wages and ultimate failure to pay any ways after June 30, 2022.  These employees would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  The similarly situated employees are known to Defendants and readily-identifiable through Defendants' records.

28.      Plaintiff is similarly situated to the other employees as he was also employed by Defendants and Defendants failed to timely and appropriately pay him wages or overtime as described above.

COMPLAINT

# FIRST CLAIM

## VIOLATION OF THE WARN ACT

### (By Plaintiff and the Main Class Against All Defendants)

29.     Plaintiff repeats and realleges each of the foregoing allegations as though fully set forth herein.

30.     Defendants are a qualifying employer under the WARN Act. Defendants employed more than 100 full-time employees in the United States who had been employed for at least six months of the 12 months preceding the layoffs.

31.     The WARN Act, 29 U.S.C. § 2102, required Defendants to provide at least 60 days prior written notice of termination, or to provide notice as soon as practicable, to all affected employees, explaining why 60 days' notice was not given.

32.     Defendants engaged in a series of layoffs of Plaintiff and other members of the Main Class in April, May and August 2022.

33.     Defendants failed to provide the required WARN Act notices to Plaintiff or other members of the Main Class. Defendants also failed to pay Plaintiff or other similarly situated employees their wages, salary, benefits, and accrued vacation during the 60 working days following notice of their terminations. On information and belief, Defendant also failed to give required notice to the appropriate state dislocated worker unit or other appropriate government agencies.

34.     Plaintiff and other similarly situated employees have been damaged by this failure and are entitled to back pay and associated benefits for the 60-day period following their respective terminations.


# SECOND CLAIM

## VIOLATION OF THE CAL-WARN ACT

### (By Plaintiff and the California Layoff Subclass Against All Defendants)

35.     Plaintiff repeats and realleges each of the foregoing allegations as though fully set forth herein.

1    36.    Defendants are a qualifying employer within the meaning of the Cal-

2  WARN Act.  Defendants employed more than 75 full and part-time employees within

3  the state of California, who had been employed for at least six of the 12 months

4  preceding the layoffs.

5    37.    Defendants were required to give at least 60-days prior written notice

6  before laying off Plaintiff and members of the California Layoff Subclass pursuant to

7  Cal. Lab. Code § 1401.

8    38.    Defendants engaged in a series of layoffs in California in April, May, and

9  August of 2020.

10    39.    Defendants failed to give Plaintiff or other members of the California

11  Layoff Subclass 60-days written notice of the layoffs, and also failed to pay Plaintiff

12  or other members their wages, benefits, and accrued vacation during the 60-day period

13  following their terminations.  On information and belief, Defendants also failed to

14  give notice to the appropriate state and local agencies.

15    40.    Plaintiff and other similarly situated employees have been damaged by

16  this failure and are entitled to back pay and associated benefits for the 60-day period

17  following their respective terminations.

18

19                          **THIRD CLAIM**

20                   **FAILURE TO PAY EARNED WAGES**

21      **(By Plaintiff and the California Wage Subclass Against All Defendants)**

22    41.    Plaintiff repeats and realleges each of the foregoing allegations as though

23  fully set forth herein.

24    42.    Defendants were the employer or joint employers of Plaintiff and other

25  members of the California Wage Subclass.

26    43.    Defendants were required, pursuant to California Labor Code § 204, to

27  pay Plaintiff and members of the California Wage Subclass all wages owed them on

28  regular paydays.  In addition, Defendants were required by California Labor Code §§

510, 1194, 1197, and 1198 to pay Plaintiff and other members of the California Wage Subclass at least the state minimum wage for all hours worked and overtime.

44.     Defendants violated these provisions by repeatedly failing to pay Plaintiff and other members of the California Wage Subclasses all of their earned wages when due.  Defendants consistently failed to pay employees on the regular paydays during 2022, and failed to pay employees any wages for the period after June 30, 2022 through their terminations.

45.     As a result of these acts, Defendants also necessarily failed to pay Plaintiff and members of the California Wage Subclass minimum wage for all hours worked and appropriate overtime.

46.     As a result of Defendants' failure to pay Plaintiff's and class members' earned wages, Plaintiff and class members have suffered damages in an amount to be proven at trial.  Plaintiff and other class members are entitled to recover unpaid wages, minimum wage, and overtime, interest thereon, and liquidated damages.

## FOURTH CLAIM
### FAILURE TO REIMBURSE
**(By Plaintiff and the California Reimbursement Subclass Against All Defendants)**

47.     Plaintiff repeats and realleges each of the foregoing allegations as though fully set forth herein.

48.     Defendants were the employer or joint employers of Plaintiffs and other members of the California Reimbursement Subclass.

49.     Defendants were required to reimburse Plaintiff and other members of the California Reimbursement Subclass for all "necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."  Cal. Lab. Code § 2802.

50.     Plaintiff and other members of the California Reimbursement Subclass

1   incurred reasonable and necessary expenses in direct consequence of the discharge of

2   their duties and obedience to the directions of Defendants.

3          51.    Defendants have failed to reimburse any such expenses after June 30,

4   2022 if not earlier.

5          52.    Defendants' failure to reimburse Plaintiff's and class members'

6   reasonable and necessary expenses has harmed Plaintiff and class members in an

7   amount to be proven at trial.

8

9                                  **FIFTH CLAIM**

10         **FAILURE TO PAY WAGES DUE AT TERMINATION**

11     **(By Plaintiff and the California Wage Subclass Against All Defendants)**

12         53.    Plaintiff repeats and realleges each of the foregoing allegations as though

13   fully set forth herein.

14         54.    Pursuant to California Labor Code § 201, Defendants were required to

15   pay Plaintiff and other members of the California Wage Subclass all of their earned

16   wages, accrued vacation, and other compensable time immediately upon termination.

17         55.    Where the failure to pay such wages is willful, California Labor Code §

18   203 provides that "the wages of the employee shall continue as a penalty from the due

19   date thereof at the same rate until paid or until an action therefor is commenced; but

20   the wages shall not continue for more than 30 days."

21         56.    Defendants terminated Plaintiff and other members of the California

22   Wage Subclass in April, May and August 2022.

23         57.    Defendants willfully failed to pay Plaintiff and other members of the

24   California Wage Subclass all wages due at that time, inclusive of vacation and other

25   compensable time.

26         58.    As a result of Defendant's failure to timely pay Plaintiff and other class

27   members their final wages, Plaintiff and other class members have been damaged in

28   an amount to be proven at trial.  Plaintiff and other class members are also entitled to

1  statutory penalties.

2

3                              **SIXTH CLAIM**

4                      **FAIR LABOR STANDARDS ACT**

5       **(By Plaintiff and the Collective Action Members All Defendants)**

6          59.    Plaintiff repeats and re-alleges each of the foregoing allegations as

7  though fully set forth herein.

8          60.    Plaintiff expressly consents in writing to be a party to this action pursuant

9  to 29 U.S.C. § 216(b).

10         61.    As alleged in detail above, during 2022, Defendants repeatedly failed to

11 pay employees, including Plaintiff and Collective Action Members, in a timely

12 manner on regular paydays.  In addition, Defendants failed to pay any of the

13 Collective Action Members between July 1, 2022 and their dates of termination.

14         62.    Defendants necessarily failed to pay Plaintiff and other Collection Action

15 Members federally mandated minimum wage and overtime by virtue of its failure to

16 pay their wages.  Defendants' conduct violates and continues to violate the FLSA,

17 including 29 U.S.C. §§ 206, 207 and 215.

18         63.    The foregoing conduct constitutes a willful violation of the FLSA within

19 the meaning of 29 U.S.C. § 255(a).

20         64.    Due to the foregoing violations, Plaintiffs and Collective Action

21 Members, are entitled to recover from Defendant their unpaid wages, overtime, an

22 additional amount equal to wages and overtime as liquidated damages, and other

23 remedies.

24

25                             **SEVENTH CLAIM**

26                     **UNFAIR BUSINESS PRACTICES**

27      **(By Plaintiff and the California Subclasses Against All Defendants)**

28         65.    Plaintiff repeats and realleges each of the foregoing allegations as though

COMPLAINT

1 fully set forth herein.

2      66.    Defendants engaged in unfair and unlawful business practices against

3 Plaintiff and other members of the California Wage Subclass, including (a) failure to

4 pay earned wages, failure to pay minimum wage and overtime under the California

5 Labor Code and the FLSA, (b) failure to pay wages due on termination, (c) failure to

6 provide proper notice of layoffs under the WARN Act and Cal-WARN Act, and (d)

7 failure to reimburse. This conduct amounts to unfair and unlawful business acts and

8 practices under California Business & Professions Code § 17200.

9      67.    Plaintiff and other members of the California Wage Subclass have lost

10 money or property by virtue of Defendant's unlawful business acts and practices,

11 including vested and earned wages and reimbursement of expenses, as required under

12 California Business & Professions Code § 17204.

13      68.    Accordingly, Plaintiff and other members of the California Wage

14 Subclass are entitled to restitution of the vested and earned wages, minimum wage,

15 final wages, and overtime which Defendants have unlawfully failed to pay them.

16

17                                    **PRAYER**

18      WHEREFORE, Plaintiff prays for relief on behalf of himself, similarly situated

19 employees, as follows:

20      1.    That the Court determine that this action is maintainable as a class action

21 pursuant to Federal Rule of Civil Procedure 23 and a collective action under the

22 FLSA, and certify it as a class and collective action;

23      2.    For damages according to proof a trial, including earned and unpaid

24 wages, minimum wage, overtime, vacation time, and reimbursement of expenses;

25      3.    For pay and benefits for the 60 days following Plaintiff and other

26 employees' layoffs, and associated penalties, as provided in 29 U.S.C. § 2104 and

27 California Labor Code §§ 1402 and 1403;

28      4.    For penalties pursuant to Cal. Lab. Code § 203.

COMPLAINT

5.     For actual and liquidated damages pursuant to the FLSA;

6.     For attorney's fees and costs including, without limitation, under 29 U.S.C. §§ 216 and 2104,  and California Labor Code §§ 218.5, 1194, 1404;

7.     For costs as provided by law;

8.     For prejudgment interest; and

9.     For such other and further relief as the Court deems just and proper.

Dated:  August 12, 2022                              Respectfully submitted,

/s/ Damion Robinson
David W. Affeld
        dwa@agzlaw.com
Damion D. D. Robinson
        dr@agzlaw.com
AFFELD GRIVAKES LLP
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel.          (310) 979-8700

*Attorneys for Plaintiff Sergio Giancaspro*
*and all others similarly situated*

- 14 -

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff demands a jury trial on all matters so triable.

3
Dated:  August 12, 2022                          Respectfully submitted,

4

5                                                              /s/ Damion Robinson
                                                               David W. Affeld
6                                                                   dwa@agzlaw.com
                                                               Damion D. D. Robinson
7                                                                   dr@agzlaw.com
8                                                              AFFELD GRIVAKES LLP
                                                               2049 Century Park East, Suite 2460
9                                                              Los Angeles, CA 90067
10                                                             Tel.          (310) 979-8700

11
                                                               *Attorneys for Plaintiff Sergio Giancaspro*
12                                                             *and all others similarly situated*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

COMPLAINT