Damion D. D. Robinson, SBN 262573
damion.robinson@diamondmccarthy.com
DIAMOND McCARTHY LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Tel. (310) 979-8700
Fax (310) 979-8701

*Attorneys for Plaintiff Sergio Giancaspro and all others similarly situated*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SERGIO GIANCASPRO, an individual; CORI ERSHOWSKY, an individual; ALEXIS GERACI, an individual; JAMERE BOWERS, an individual; ADAKU IBEKWE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NETWORK TRAVEL EXPERIENCES, INC., a Delaware corporation; STREETTEAM SOFTWARE, LLC, a Delaware corporation; JUSEXPERIENCES UK LIMITED, a United Kingdom company; CALLUM NEGUS-FANCEY, an individual; LIAM NEGUS-FANCEY, an individual; JAMES ELLIS, an individual; and DOES 1 through 10, inclusive<br><br>Defendants. | **Case No. 2:22-cv-05745**<br><br>**STIPULATION TO DISMISS ACTION AND PERMIT INTERVENTION IN RELATED ACTION**<br><br>Action Filed: 8/12/2022<br>Trial Date:   Not Set |

Plaintiffs Sergio Giancaspro, Cori Ershowsky, Alexis Geraci, Jamere Bowers, and Adaku Ibekwe (collectively, "Plaintiffs") and Intervenor Global Growth Capital, S.a.r.l. ("GGC" or "Intervenor"), by and through their undersigned counsel, stipulate as follows:

## I.   RECITALS

1. This was a putative class action on behalf of former employees of Defendants Network Travel Experiences, Inc., et al. ("Defendants") for unpaid wages and violation of the WARN Act.

2. On November 3, 2022, the Court granted Intervenor leave to assert a claimed lien in the assets of certain Defendants. *See* Dkt. No. 83. On November 14, 2022, Intervenor filed its Intervenor Complaint. Dkt. No. 92.

3. On February 28, 2023, Plaintiffs voluntarily dismissed this action to consolidate their claims with those being asserted in the action styled *Tayler Ulmer v. StreetTeam Software, LLC d/b/a Pollen, et al.*, Case No. 22-cv-05662, then pending in the Eastern District of New York (the "*Ulmer* Action"). Accordingly, the only matter remaining before the Court is the Intervenor Complaint.

4. On the same date, Mr. Ulmer and Plaintiffs filed a First Amended Complaint in the *Ulmer* Action, adding Plaintiffs' claims to that action.

5. On March 16, 2023, the court in the *Ulmer* Action transferred it to the Central District of California *sua sponte*. The *Ulmer* Action was then renumbered as Case No. 23-0226 and assigned to this Court as related to this action.

6. The *Ulmer* Action remains pending.

7. Counsel for Plaintiffs and Intervenor have conferred and have determined that it is in the best interests of all parties to dismiss the Intervenor Complaint and for Intervenor to refile it (without additional leave of the Court) in the *Ulmer* Action for multiple reasons.

8. Under Ninth Circuit precedent, there is a question as to whether the Court retains subject matter jurisdiction over the Intervenor Complaint after the main action was dismissed. *See Benavidez v. Eu*, 34 F.3d 825, 830-31 (9th Cir. 1994).

9. Further, having Plaintiffs proceed in one action while the Intervenor Complaint remains pending in a technically separate action creates logistical complications and complications in filing and service. Dismissing and refiling the Intervenor Complaint (without further leave of the Court pursuant to Fed. R. Civ. P. 24(a)(2)) in the *Ulmer* Action will allow this action to be formally closed; will eliminate the needless complexity of having two actions pending; and will conserve judicial resources.

**II.   STIPULATION**

Based on the foregoing, Plaintiffs and Intervenor stipulate as follows:

1. That the Intervenor Complaint be voluntarily dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41 and that this action be administratively closed in its entirety;

2. That notwithstanding Fed. R. Civ. P. 54(d)(1) and related Ninth Circuit precedent, neither party shall be classified as a "prevailing party" of Fed. R. Civ. P. 54(d);

3. That Intervenor be permitted to file its Intervenor Complaint in the *Ulmer* Action without further leave of the Court pursuant to Fed. R. Civ. P. 24(a)(2); and

4. That Plaintiffs agree to acceptance of service (through counsel) of the Intervenor Complaint to be filed in the *Ulmer* Action.

**SO STIPULATED.**

Dated: June 14, 2023

Respectfully submitted,

s/ Damion Robinson
Damion D. D. Robinson
DIAMOND McCARTHY LLP

*Attorneys for Plaintiffs Sergio Giancaspro, Cori Ershowsky, Alexis Geraci, Jamere Bowers, and Adaku Ibekwe and all others similarly situated*

s/ Emil Khatchatourian
Emil Khatchatourian
FOLEY & LARDNER LLP

*Attorneys for Intervenor Global Growth Capital, S.a.r.l*

## **LOCAL RULE 5-4.3.4 ATTESTATION**

I, the undersigned, attest pursuant to Local Civil Rule 5-4.3.4(a)(2)(i) that all other signatories listed above, and on whose behalf this filing is submitted, concur in the filing's contents and have authorized the filing.

Dated: June 14, 2023

s/ Damion Robinson
Damion Robinson

# **CERTIFICATE OF SERVICE**

I, the undersigned, certify that I electronically filed this document using the Court's CM/ECF system. I am informed and believe that filing through the CM/ECF system results in electronic notice to all parties who have appeared in this action.

Dated: June 14, 2023

                                                    Damion Robinson